## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Samuel I. Cox,

      Plaintiff,

v.

Commissioner of
Department of Human Services,
Client Placement Committee,
Brian Ninnerman, Katherine Mcdowell,
Paul Mayfield, Ruby Brewer,
Kent Johansen, Megan Mucully, and
Deborah Becker,

      Defendants.

Case No. 19-CV-1956 (JRT/DTS)

**ORDER AND
REPORT AND RECOMMENDATION**

This action comes before the Court on Plaintiff Samuel I. Cox's (1) filing titled "Amended 1983 Compliant," ECF No. 12 (Amended Complaint); (2) motion to proceed in forma pauperis (IFP) in this action, ECF No. 2 (IFP Application); (3) Motion for Appointment of Counsel, ECF No. 4 (Counsel Motion); and (4) second motion for appointment of counsel, ECF No. 13 (Second Counsel Motion). For the following reasons, the Court grants the IFP Application, denies the Counsel Motion and the Second Counsel Motion, and recommends dismissing most—but not all—of the Amended Complaint.

## I.    BACKGROUND

### A.    Procedural Background

Cox filed his initial complaint on July 24, 2019. Compl. 1, ECF No. 1. After reviewing the Complaint, this Court entered an order that deemed it legally frivolous, but

gave Cox a chance to file an amended pleading. *See* Order 1, ECF No. 6. The Court

noted serious problems with the Complaint's allegations:

> While the Complaint gives the Court a general sense about what Cox is alleging, it fails to explain why the various Defendants are being sued. There are nine Defendants total: seven individuals, the "Commissioner of Department of Human Services," and what appears to be the [Minnesota Sex Offender Program's] "Client Placement Committee." But after listing these people and entities, the Complaint fails to include specific allegations as to what these individuals did and how it relates to the conduct Cox experienced. The Complaint thus lacks any allegations explaining what the specific named Defendants did that generates legal liability.

*Id.* at 2–3 (citation and footnote omitted).

As a result, the Court gave Cox the opportunity to file a new pleading. As the Court

explained:

> The Court will give Cox an opportunity to file an amended complaint that is not frivolous and that complies with the Federal Rules of Civil Procedure (in particular, Federal Rules of Civil Procedure 8–11). This amended pleading must be an entirely new document; Cox may not incorporate by reference the present Complaint. The amended complaint should explain, in separate numbered paragraphs, what Cox believes to have happened and why he believes each named Defendant has violated the law. The document need not be overly long or detailed, but it must name as Defendants the specific people or entities alleged to have harmed Plaintiff, and it should have enough factual allegations to justify including each named Defendant. Vague accusations and legal conclusions will not suffice.

*Id.* at 3.

After the Court entered this order, Cox twice asked for more time to file his

amended pleading; both times, this Court agreed. *See* Mot. in Request of Additional 30

Days to Execute Order, ECF No. 7; Order, ECF No. 8; Mot. in Request of Additional 30

Days to Execute Order, ECF No. 9; Order, ECF No. 10. On January 3, 2020, Cox filed

his Amended Complaint, which is the subject of this Report and Recommendation.

      B.      Amended Complaint Allegations

      Cox is a civil detainee at the Minnesota Sex Offender Program (MSOP). *See* Am.

Compl. 2. The Amended Complaint names as defendants essentially the same entities

and individuals as the original Complaint: the Commissioner of the Minnesota Department

of Human Services, the MSOP "Client Placement Committee," and seven individuals

working for MSOP in various roles (Brian Ninnerman, Katherine McDowell, Paul Mayfield,

Ruby Brewer, Kent Johansen, Megan McCully, and Deborah Becker). *See id.* at 2–3;

*cf.* Compl. 2–3.[1]

      The Amended Complaint asserts that Cox "didn't feel safe moving into a locked

room with a patient that was labeled a SPP [Sexual Psychopathic Personality] or SDP

[Sexually Dangerous Person] and had recently been displaying behaviors within the

facility." Am. Compl. 3. Nevertheless, Cox says, he was "forced into compliance by

Security Counselors." *Id.* (None of the named individual defendants is listed as a Security

Counselor. *See id.* at 2–3.) He contends that he "feel[s] for [his] personal safety in regard

to being forced into an unpredictable, locked room with any patient that is defined by law

[as] lacking [impulse] control." *Id.* at 3. And he asserts that unnamed individuals

"punished" him for "not wanting to be placed in an unsafe living arrangement with a patient

---

[1] As far as the Court can tell, the only substantive differences in the Complaints' lists of defendants are that (1) the Amended Complaint's list asserts that the seven individual defendants are all on a "patient placement committee," which presumably is the same group as the "Client Placement Committee" named as a defendant; and (2) the Amended Complaint specifically states, regarding the "Client Placement Committee," that Cox seeks to name various "Joe/Jane [*sic*] Doe" defendants associated with the committee. *Compare* Compl. 2–3 *with* Am. Compl. 2–3.

that has a known history of [s]exual assaults against other patients" and "physical confrontations with staff as well as patients." *Id.* None of these allegations—with one specific example discussed below—specifically attribute any conduct to any of the named defendants.[2]

In a section titled "Legal Claims," the Amended Complaint maintains that Cox's constitutional rights were violated in four ways.

- First, he asserts that "[t]he Minnesota Department of Human Services" violated his First Amendment rights. *Id.* at 4. Specifically, Cox claims that he was punished for "not complying" with being housed "with a patient that practices[] behaviors that go against [Cox's] religion." *Id.* The Court construes this as a claim that the Minnesota Department of Human Services infringed on Cox's right to free exercise of his religious beliefs.

- Second, he states that "[t]he Minnesota Department of Human Services" violated his Fifth Amendment rights. *Id.* The claim here is that property of Cox's was taken "without just compensation" when "MSOP employees placed patient on Omega 3 [a disciplinary unit within MSOP] for [an] unknown number of days without" a television, blankets, or sheets. *Id.* at 4–5.

- Third, Cox contends that "MSOP employees" violated his Eighth Amendment right to be free from cruel and unusual punishment by forcing him to live "in a locked small living space with a patient defined by [statute] as an SPP [and/or] SDP" and who is "displaying current and visible [s]exual behaviors." *Id.* at 5.

- Finally, Cox argues that "MSOP employees" violated his Fourteenth Amendment right to equal protection by favoring "other cultures of MSOP [p]atients over African American cultures." *Id.*

_____

[2] The Court observes that, if anything, the Amended Complaint provides *less* detail than did the original Complaint. The original Complaint, for instance, had certain allegations suggesting that because he refused to accept a roommate, Cox was forced by unnamed security counselors to move to the Omega Living Unit, a "unit for punishment and disciplinary clients." Compl. 3. It is unclear why these allegations do not appear in the Amended Complaint. But given this Court's clear command that the Amended Complaint must be a standalone document, *see* Oct. 2019 Order 3, the Court will assume that Cox's omission of those allegations from the Amended Complaint was intentional.

Before detailing the Amended Complaint's requests for relief, two clarifying points are in order. First, the "Legal Claims" section purports to bring claims against the Minnesota Department of Human Services, but the Department itself is not listed as a named defendant. *Compare* Am. Compl. 1 *with id.* at 4–5. The Department's Commissioner is, however, and Cox purports to sue that person in her individual capacity as well as her official capacity. Because Cox purports to bring legal claims against the Department's Commissioner in her official capacity, the Court need not construe the Amended Complaint to bring suit against the Department itself; the official-capacity claim against the Commissioner would make naming the Department redundant. *See, e.g.*, *Roberts v. Dillon*, 15 F.3d 113, 115 (8th Cir. 1994) (finding it redundant to treat county as independent defendant when sheriff had been sued in official capacity); *Guggenberger v. Minnesota*, 198 F. Supp. 3d 973, 1003 (D. Minn. 2016) (finding it redundant to treat Department of Human Services as independent defendant when commissioner had been sued in official capacity) (quoting *Roberts*)).

Second, two of Cox's constitutional claims state that "the Minnesota Department of Human Services" caused the relevant violation, while the two others attribute the violation to "MSOP employees." *See* Am. Compl. 4–5. Given its duty to construe pro se filings liberally, the Court does not understand Cox to be drawing a strict distinction as to whom the relevant defendants are for his various claims. In what follows, the Court assumes that Cox is suing *all* Defendants for *all* of his claims of constitutional violations.

With respect to relief, Cox asks for a declaration that the conduct he describes "violates his rights under the Constitution and laws of the United States." *Id.* at 6. He also asks for a "preliminary and permanent injunction" ordering MSOP staff "to cease their

actions of forcing patients in unsafe living spaces"—and specifically, forcing patients to live with people designated as SPPs or SDPs (at least until those people reach certain MSOP-related program goals). *Id.* Finally, he requests compensatory damages in an unspecified amount "for loss of wages, pain and suffering toward lack of resources for family income to provide at the time client was punished for standing up for his right to live in a safe living environment." *Id.*

## II.    ANALYSIS

### A.    IFP Application

Cox did not pay this action's filing fee; he instead filed for *in forma pauperis* (IFP) status. *See* IFP Appl. In cases in which the plaintiff seeks IFP status, 28 U.S.C. § 1915(e)(2) specifies that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." And while § 1915(e)(2) uses the phrase "the case," judges have also used it to dismiss parts of cases that are frivolous. *See, e.g.*, *Proffit v. Rowley*, 44 F. App'x 748, 748 (8th Cir. 2002) (affirming district court's preservice denial of most of complaint as frivolous, but remanding certain claims back to district court); *Cota v. Dir. of the Nat'l Sec. Agency*, No. 15-CV-2089 (ADM/JSM), 2015 WL 6737008, at *2–3 (D. Minn. Nov. 3, 2015) (adopting report and recommendation dismissing some, but not all, claims in action as frivolous).

Upon review of the IFP Application, the Court concludes the Cox qualifies for IFP status. Because the Court recommends dismissal of some, but not all, of Cox's claims, it grants Cox's IFP Application.

B.    Motions for Counsel

Cox has filed two motions for the appointment of counsel. The appointment of counsel in cases such as this one is a matter committed to the trial court's discretion. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the case's factual and legal complexity, the litigant's ability to present his claims, and whether both the litigant and the Court would benefit from representation by counsel for both parties. *McCall*, 114 F.3d at 756; *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel. Cox has demonstrated his ability to articulate his claims, to argue his positions, and to communicate effectively with the Court. The Court considers Cox's purported claims to be clear; the issue is not that the Court does not understand Cox's claims, but rather that Cox's allegations simply fail under the governing law. Accordingly, the Court is satisfied that appointment of counsel is unnecessary and would not substantially benefit Cox or the Court and thus denies both of Cox's motions for counsel.

C.    Amended Complaint

1.    Official-capacity claims for damages

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." While Rule 12(h)(3) speaks of dismissing "the action," courts routinely use the rule to dismiss parts of actions where jurisdiction is lacking. *See, e.g.*, *Chernin v. United States*, 149 F.3d 805, 813–14 (8th Cir. 1998) (citing Rule 12(h)(3) and holding that district court lacked

subject-matter jurisdiction over part of action); *In re Polaris Mktg., Sales Practices, & Prod. Liab. Litig.*, 364 F. Supp. 3d 976, 982–84 (D. Minn. 2019) (citing Rule 12(h)(3) and dismissing certain claims due to lack of subject-matter jurisdiction).

Cox brings this action under 42 U.S.C. § 1983, and purports to sue each individual defendant in his or her individual capacity and his or her official capacity. *See* Am. Compl. 1, 3. Furthermore, within his request for relief, Cox does not associate any particular types of relief with any particular defendants or with any particular claims. *See id.* at 6. This means that the Amended Complaint seeks damages on all of Cox's claims from all Defendants, including the various individual defendants sued in their official capacities. As the individual defendants here are all either MSOP staff or the commissioner of the Minnesota Department of Human Services, every individual defendant's "official capacity" is one with the State of Minnesota.

The Eleventh Amendment strips this Court of jurisdiction over any claims for damages brought against state officers in their official capacity. Under the Eleventh Amendment, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. Notwithstanding the phrase "another State" here, precedent establishes that "'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" *Fryberger v. Univ. of Ark.*, 889 F.3d 471, 473 (8th Cir. 2018) (quoting *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)). And the issue is jurisdictional: under the Eleventh Amendment, federal courts generally lack subject-matter jurisdiction over claims against an unconsenting state. *See, e.g.*, *Sossamon v. Texas*, 563 U.S. 277, 284

8

(2011) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–55 (1996)); *Gardner v. Minnesota*, No. 16-CV-03999 (JNE/KMM), 2019 WL 1084714, at *3–4 (D. Minn. Jan. 15, 2019) (quoting *Becker v. University of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999)), *report and recommendation adopted*, 2019 WL 1086338 (D. Minn. Mar. 7, 2019).

Official-capacity claims against state officers are effectively claims against the relevant state itself. *See, e.g.*, *Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (internal quotation marks omitted)); *Jones v. Raden*, No. 18-CV-2968 (WMW/ECW), 2019 WL 4396168, at *5 (D. Minn. July 24, 2019) (citing cases), *report and recommendation adopted*, 2019 WL 4394046 (D. Minn. Sept. 13, 2019). As a result, state sovereign immunity bars official-capacity claims against state officers just as it bars suits against the state. As a result, the Court recommends that the Amended Complaint's official-capacity claims against all State of Minnesota officers be dismissed to the extent those claims seek damages.

2.    Remaining official-capacity claims

Under the doctrine established by *Ex Parte Young*, 209 U.S. 123 (1908), and related precedent, this Court does have jurisdiction over Cox's official-capacity claims against state officers to the extent that those claims seek prospective injunctive relief. *See, e.g.*, *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011) (discussing *Ex Parte Young* doctrine); *Wilson v. Minn. Sex Offender Program*, No. 18-CV-3352 (NEB/KMM), 2019 WL 3716602, at *2 (D. Minn. Aug. 7, 2019) (same). The Court recommends dismissal of most of these claims as well, however, because Cox largely fails to properly plead any official-capacity claims for which this Court can grant relief.

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable

inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The complaint's factual allegations need not be detailed, but they must be enough to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing a complaint's sufficiency, the court may disregard legal conclusions couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but must still allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

As noted above, official-capacity claims against state officers are effectively claims against the state itself. *See, e.g.*, *Lewis*, 137 S. Ct. at 1291; *Jones*, 2019 WL 4396168, at *5. In addition to the limits that state sovereign immunity places on such claims, there is another important limit as well. "[A] governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation." *Graham*, 473 U.S. at 166 (citations and internal quotation marks omitted). As the U.S. Court of Appeals for the Eighth Circuit has put the point, "[t]o establish liability in an official-capacity suit under [§ 1983], a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom, or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner." *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989); *see also Washington v. Craane*, No. 18-CV-1464 (DWF/TNL), 2019 WL 2147062, at *4 (D. Minn. Apr. 18, 2019) (quoting *Nix*), *report and recommendation adopted*, 2019 WL 2142499 (D. Minn. May 16, 2019).

For most of Cox's purported claims, the Amended Complaint fails to do this work. It does not detail any pertinent governmental policy or custom, nor does it allege the necessary information and conduct regarding the officials named as defendants. And with one exception discussed below, it does not properly allege that any named defendant "possessed final authority over [a relevant] subject matter at issue." As a result, even if the Court limits its focus to the Amended Complaint's official-capacity claims for prospective injunctive relief, the Court still concludes that the Amended Complaint fails to state a claim. The Court thus recommends that—save for one exception—the Amended Complaint's remaining official-capacity claims (i.e., those for prospective injunctive relief) be dismissed without prejudice.

That exception is Cox's claim described as an Eighth Amendment claim.[3] At present, the Court concludes that Cox has—arguably—sufficiently pleaded that one or more of the Defendants had final authority over the decision to give MSOP detainees roommate assignments, and that one of more Defendants used this authority in an unconstitutional manner by being deliberately indifferent to a risk of harm to Cox.[4] The

---

[3] Because Cox is civilly committed rather than a prisoner, his claim here arises not under the Eighth Amendment, but under the due-process protections of the Fourteenth Amendment. *See, e.g., Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016) (citing *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004)); *Scott v. Benson*, 742 F.3d 335, 339 (8th Cir. 2014) (citing *Nelson v. Shuffman*, 603 F.3d 439, 442–43, 446 n. 3 (8th Cir. 2010)). The U.S. Court of Appeals for the Eighth Circuit has noted, however, that "[u]nder the Fourteenth Amendment, civilly-committed persons, like 'pretrial detainees[,] are entitled to at least as great protection as that afforded convicted prisoners under the Eighth Amendment.'" *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005) (quotations and citations omitted)); *see also Nelson*, 603 F.3d at 446 (citing *Hott v. Hennepin Cty.*, 260 F.3d 901, 905 (8th Cir. 2001)). And so the standards for deliberate indifference applied in prisoner cases are also applied when civilly committed persons raise deliberate-indifference claims.

[4] To be clear, the Eighth Circuit has repeatedly rejected the argument — including when made by MSOP detainees — that double-bunking, in and of itself, violates the confined

Court will therefore allow that claim to proceed against all the Defendants in their official capacities, and specifically observes that the only relief at issue is prospective injunctive relief.[5]

      3.     Individual-capacity claims for bulk of Defendants

A case is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Day v. Minnesota*, No. 19-CV-0496 (WMW/LIB), 2019 WL 3371132, at *2 (D. Minn. July 26, 2019) (quoting *Neitzke*). And when a complaint lacks any allegations explaining what a given defendant did that generates legal liability; the complaint lacks an arguable basis in fact as to that defendant. *See, e.g.*, *Radabaugh v. Corp. Tr. Co.*, No. 17-CV-1559 (JRT/BRT), 2017 WL 8944024, at *4 (D. Minn. May 22, 2017), *report and recommendation adopted*, 2017 WL 4023102 (D. Minn. Sept. 13, 2017).

In this case, for seven of the eight named individual Defendants—Commissioner of Department of Human Services, Ninnerman, McDowell, Mayfield, Johansen, MuCully, and Becker—there are no factual allegations explaining what they purportedly did to generate legal liability.[6] The Amended Complaint is thus frivolous as to these Defendants.

---

individuals' constitutional rights. *See Beaulieu*, 690 at 1042-43; *Cody v. Hillard*, 830 F.2d 912, 915-16 (8th Cir. 1987). As a result, were Cox focused simply on double-bunking itself, his claim of deliberate indifference could not state a claim for which this Court can grant relief. But Cox's claims here go beyond a mere generic claim that double-bunking is unconstitutional. In contrast, he claims that his rights are being violated as a result of placement with a specific potential roommate, one "with a known history of [s]exual assaults" and "physical confrontations with staff as well as patients." Am. Compl. 3. Given these allegations, the Court finds this case falls outside Eighth Circuit precedent on double-bunking more generally.

[5] Once service of the Amended Complaint is effected on Defendants, if Defendants believe that grounds for a Rule 12 motion exist, they are free to file such a motion (as long as that filing is consistent with the Federal Rules of Civil Procedure).

[6] Defendant Client Placement Committee is not included in this sentence; it plainly is not an individual, so it cannot be liable for any individual-capacity claims.

The Court thus recommends that the remaining claims against these Defendants—that is, all individual-capacity claims against them—be dismissed as frivolous.[7]

       4.      Individual-capacity claims against Ruby Brewer

The Amended Complaint's only claims left standing are individual-capacity claims against Ruby Brewer. Review of the Amended Complaint's Brewer-related allegations, however, indicates that here again Cox fails to state a claim for which this Court can grant relief.

Cox describes Brewer as a clinician working at MSOP. *See* Am. Compl. 2. Cox lodges the following allegations concerning Brewer:

> [T]here is reason to believe that because of certain personal relationships with certain staff (Ruby Brewer)- and patients ( Emanuel Madison ) especially with clients on here caseload creates a certain bias towards clients that she does not have a history with this clinician does not play a neutral position in any conflict resolution matters. There was an incident in group where this same client chosen for a roommate got up out of his chair and threaten another client in our group while calling him out about his feedback, and the other client received more consequence then this patient . . . .

*Id.* at 4 (errors in original).

Without more, these allegations are insufficient to plead a violation of § 1983. To plead a § 1983 violation, a plaintiff must allege (1) he was "deprived of a right 'secured by the Constitution and the laws' of the United States" and (2) the defendants acted under

---

[7] The Court also notes that, because MSOP itself is not a suable entity under 42 U.S.C. § 1983, the Client Placement Committee itself almost certainly is not a suable entity either. *See Johnson v. Minn. Sex Offender Prog.*, No. 12-CV-1875 (DSD/LIB), 2012 WL 3848571, at *2 (D. Minn. Aug. 15, 2012) (stating that MSOP "does not appear to be a cognizable legal entity that has the capacity to be sued"), *report and recommendation adopted*, 2012 WL 3854977 (D. Minn. Sept. 5, 2012). To the extent that Cox means to name various "John Doe" or "Jane Doe" defendants simply based on their serving on this Client Placement Committee, the Amended Complaint has no factual allegations regarding these defendants, so the Amended Complaint is legally frivolous as to them.

color of state law." *Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405 (8th Cir. 2012)

(quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)); *see also Linehan v. Vang*,

No. 18-CV-3385 (JRT/DTS), 2019 WL 2178326, at *1 (D. Minn. Apr. 26, 2019) (similar

list (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)), *report and*

*recommendation adopted*, 2019 WL 2177363 (D. Minn. May 20, 2019). Whatever the

Amended Complaint's Brewer-related allegations do; they do not specify how Brewer

infringed Cox's constitutional rights under any of the four theories suggested in the

Amended Complaint. Indeed, the only specific example of Brewer's conduct detailed here

does not even involve Cox. As a result, the Court concludes that Cox fails to state a claim

against Brewer, and so recommends that the Amended Complaint's remaining claims

individual-capacity claims against her be dismissed without prejudice.

## ORDER

Based upon the above, and upon all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1.    Plaintiff Samuel I. Cox's filing motion to proceed in forma pauperis (IFP) in
this action, ECF No. 2, is **GRANTED**.

2.    Cox's Motion for Appointment of Counsel, ECF No. 4, and second motion
for appointment of counsel, ECF No. 13, are **DENIED**.

3.    The U.S. Marshals Service is directed to effect service of process on
Defendants in their official capacities with the State of Minnesota, consistent with Rule
4(j) of the Federal Rules of Civil Procedure.

## RECOMMENDATION

Based upon the above, and upon all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Plaintiff Samuel I. Cox's filing titled "Amended 1983

Compliant," ECF No. 12 (Amended Complaint), be **DISMISSED WITHOUT PREJUDICE**,

except for Cox's claim (listed on page 5 of the Amended Complaint) that Defendants violated his "right not to have cruel and unusual punishment inflicted." The Court recommends that this claim proceed, but (1) only against Defendants in their official capacities, and (2) only for prospective injunctive relief.


Dated: January 31, 2020                         s/David T. Schultz
                                                DAVID T. SCHULTZ
                                                United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).